ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHISOM OKONKWO<br>A/K/A K.A.<br>A/K/A M.B.<br>A/K/A PATRICIA YOUNG<br>A/K/A DESIREY AGUILAR<br>A/K/A STACY JACK<br>A/K/A LISA LARKIN<br>A/K/A JANICE PECK | Criminal Indictment<br><br>No. 1:22-CR-410<br><br>UNDER SEAL |

THE GRAND JURY CHARGES THAT:

**Background**

At all times material to the Indictment:

*The Defendant, the Defendant's Aliases, and the Defendant's Shell Companies*

1. The Defendant was a resident of the Northern District of Georgia.

2. K.A. and M.B. were aliases used by the Defendant.

3. K.A. and M.B. were real individuals who resided in California and New Jersey, respectively.

4. Patricia Young ("Young"), Desirey Aguilar ("Aguilar"), Stacy Jack ("Jack"), Lisa Larkin ("Larkin"), and Janice Peck ("Peck") were additional aliases used by the Defendant.

5. Young, Aguilar, Jack, Larkin, and Peck were false identities.

6. Using the aliases identified above, the Defendant created and caused the

1

creation of shell companies registered in the State of Georgia that did not conduct legitimate business, earn legitimate income, or pay wages to employees, including, among others, companies named A[ ] Jewelry & Crystals LLC, Young Interior Design LLC, and Larkin Interior Innovation LLC (collectively, "the shell companies").

7. A[ ] Jewelry & Crystals LLC was a Georgia company with its purported principal place of business in Lawrenceville, Georgia. On or about March 5, 2019, articles of organization for A[ ] Jewelry & Crystals LLC were filed with the Georgia Secretary of State, identifying K.A. as the organizer of the company.

8. Young Interior Design LLC was a Georgia company with its purported principal place of business in Lithonia, Georgia. On or about March 27, 2019, articles of organization for Young Interior Design LLC were filed with the Georgia Secretary of State, identifying Young as the organizer of the company.

9. Larkin Interior Innovation LLC was a Georgia company with its purported principal place of business in Kennesaw, Georgia. On or about January 27, 2020, articles of organization for Larkin Interior Innovation LLC were filed with the Georgia Secretary of State, identifying Larkin as the organizer of the company.

*Relevant Bank Accounts Opened and Used by the Defendant*

10. BB&T Corporation ("BB&T") (subsequently known as Truist), SunTrust Bank, Inc. ("SunTrust") (also subsequently known as Truist), and Regions Bank ("Regions") were financial institutions engaged in interstate commerce.

11. The Defendant obtained and used false and fraudulent identity documents, including driver's licenses purportedly issued by various states, in at

least the names of M.B., K.A., Jack, Aguilar, and Larkin, which contained photographs of the Defendant's facial image, to, among other things, open bank accounts in the names of the shell companies and in the names of some of the Defendant's aliases.

12. On or about March 12, 2019, in the Northern District of Georgia, the Defendant caused to be opened at BB&T accounts in the name of A[ ] Jewelry & Crystals LLC ending in 4659 and 4667 ("BB&T 4659" and "BB&T 4667").

13. On or about April 18, 2019, in the Northern District of Georgia, the Defendant caused to be opened at SunTrust accounts in the name of Young Interior Design LLC ending in 6541 and 6558 ("ST 6541" and "ST 6558").

14. On or about February 8, 2020, in the Northern District of Georgia, the Defendant caused to be opened at Regions an account in the name of Larkin Interior Innovation LLC ending in 7474 ("RB 7474").

## COUNT ONE
### (Wire Fraud)
### (18 U.S.C. §§ 1343 and 2)

15. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 7 and paragraph 11 of this Indictment, as if fully set forth herein.

16. From on or about March 23, 2019, and continuing through on or about March 30, 2019, in the Northern District of Georgia, and elsewhere, the Defendant, CHISOM OKONKWO a/k/a K.A. a/k/a M.B. a/k/a PATRICIA YOUNG a/k/a DESIREY AGUILAR a/k/a STACY JACK a/k/a LISA LARKIN

a/k/a JANICE PECK, aided and abetted by others known and unknown to the Grand Jury, knowingly devised and intended to devise the scheme and artifice to defraud described below, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, and with intent to defraud, did, for the purpose of executing and attempting to execute the scheme and artifice, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, the electronic submission of a credit application for a car loan in the name of K.A. transmitted on or about March 30, 2019, in violation of Title 18, United States Code, Section 1343 and Section 2.

## Manner and Means

### Background

17. Automobile Dealership-1 was a Mercedes-Benz dealership in the Northern District of Georgia.

18. Automobile Lender-1, which had its principal place of business in Farmington Hills, Michigan, was a company that provided automobile financing and loans to individuals who purchased cars, including cars purchased at Automobile Dealership-1.

### Scheme and Artifice to Defraud

19. As part of the scheme and artifice to defraud, the Defendant obtained personally identifiable information belonging to K.A., including K.A.'s name, date of birth, and social security number.

20. On or about March 23, 2019, the Defendant used K.A.'s name to enter into a purchase agreement to buy a new 2019 Mercedes-Benz A-Class vehicle ("the Mercedes") from Automobile Dealership-1 in the amount of approximately $51,562.

21. On or about March 30, 2019, the Defendant used K.A.'s name, date of birth, and social security number to complete a credit application in order to apply for a loan from Automobile Lender-1 to purchase the Mercedes.

22. In addition to using K.A.'s personally identifiable information on the credit application, the Defendant made false and fraudulent statements on the credit application regarding her employment and her income, among other things.

23. Automobile Dealership-1 electronically transmitted the Defendant's false and fraudulent credit application from the Northern District of Georgia to Automobile Lender-1 in Ontario, Canada.

24. On or about March 30, 2019, based on the fraudulent credit application submitted by the Defendant, in which she used K.A.'s personally identifiable information, Automobile Lender-1 approved the loan, causing Automobile Lender-1 to disburse approximately $37,591 of loan proceeds to Automobile Dealership-1 so that the Defendant, knowing that she was not entitled to those loan proceeds, could complete the purchase of the Mercedes.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## COUNT TWO
## (Wire Fraud)
## (18 U.S.C. §§ 1343 and 2)

25. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 6 and paragraph 11 of this Indictment, as if fully set forth herein.

26. From on or about November 12, 2020, and continuing through in or around February 2022, in the Northern District of Georgia, and elsewhere, the Defendant, CHISOM OKONKWO a/k/a K.A. a/k/a M.B. a/k/a PATRICIA YOUNG a/k/a DESIREY AGUILAR a/k/a STACY JACK a/k/a LISA LARKIN a/k/a JANICE PECK, aided and abetted by others known and unknown to the Grand Jury, knowingly devised and intended to devise the scheme and artifice to defraud described below, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, and with intent to defraud, did, for the purpose of executing and attempting to execute the scheme and artifice, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, the online submission of an apartment lease application in the name of M.B. transmitted on or about November 12, 2020, in violation of Title 18, United States Code, Section 1343 and Section 2.

### Manner and Means

### Background

27. Apartment Manager-1, which had its principal place of business in

Chicago, Illinois, owned and managed apartment buildings in various cities in the United States, including Atlanta, Georgia, where Apartment Manager-1 owned and managed an apartment building at 3464 Roxboro Road NE ("3464 Roxboro Building").

28. Apartment Manager-1 partnered with Resident Screening Company-1, which had its principal place of business in Lehi, Utah.

29. Apartment lease applications submitted to Apartment Manager-1 were electronically transmitted to Resident Screening Company-1 for the purpose of conducting background and credit history checks on potential tenants.

### Scheme and Artifice to Defraud

30. As part of the scheme and artifice to defraud, the Defendant obtained personally identifiable information belonging to M.B., including M.B.'s name, date of birth, and social security number.

31. On or about November 12, 2020, the Defendant submitted a lease application in M.B.'s name, date of birth, and social security number to Apartment Manager-1 for an apartment at the 3464 Roxboro Building. Along with the lease application, the Defendant presented a false and fraudulent driver's license displaying M.B.'s name and date of birth but containing the Defendant's facial image.

32. In addition to using M.B.'s personally identifiable information on the lease application, the Defendant made false and fraudulent statements on the lease application regarding her current address, her employment, and her income, among other things.

33. The Defendant certified that the information she provided in the lease application was true and correct.

34. When the Defendant submitted the lease application online, it was electronically transmitted from the Northern District of Georgia to Resident Screening Company-1 in Utah.

35. Based on the fraudulent lease application submitted by the Defendant, in which she used M.B.'s personally identifiable information, the lease application was approved.

36. On or about November 28, 2020, the Defendant, using M.B.'s name, entered into to a lease agreement for an apartment at the 3464 Roxboro Building.

37. The term of the lease agreement ran from November 28, 2020, through May 23, 2022. However, the Defendant abandoned the apartment she leased in M.B.'s name at the 3464 Roxboro Building in or around February 2022, owing approximately $15,246 in back rent and other charges.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## COUNTS THREE AND FOUR
### (Aggravated Identity Theft)
### (18 U.S.C. §§ 1028A and 2)

38. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 7, paragraphs 17 through 24, and paragraphs 27 through 37, as if fully set forth herein.

39. On or about the dates set forth below, in the Northern District of Georgia, and elsewhere, the Defendant, CHISOM OKONKWO a/k/a K.A. a/k/a M.B.

8

a/k/a PATRICIA YOUNG a/k/a DESIREY AGUILAR a/k/a STACY JACK a/k/a LISA LARKIN a/k/a JANICE PECK, did knowingly possess and use, without lawful authority, the means of identification of another person identified below, during and in relation to committing the felony violation identified below:

| Count | Approximate Date | Person | Means of Identification | Felony Violation |
|---|---|---|---|---|
| 3 | March 30, 2019 | K.A. | Name<br>Date of Birth<br>Social Security Number | Wire Fraud as alleged in Count 1 of this Indictment |
| 4 | November 12, 2020 | M.B. | Name<br>Date of Birth<br>Social Security Number | Wire Fraud as alleged in Count 2 of this Indictment |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## COUNTS FIVE THROUGH NINE
### (Money Laundering – Concealment)
### (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

40. The Grand Jury hereby realleges and incorporates by reference the factual allegations contained in paragraphs 1 through 13 of this Indictment, as if fully set forth herein.

41. Business Email Compromise ("BEC") schemes were sophisticated scams targeting businesses and individuals that regularly performed wire transfers or other money transfers. In such schemes, perpetrators of the fraud, often using spoofed email accounts, posed as customers and as other parties to a transaction,

9

and used fraudulent communications to divert legitimate payments into bank accounts associated with the fraud scheme.

42. The Defendant used the bank accounts she opened in the names of the shell companies for the purpose of receiving approximately $830,000 of proceeds fraudulently derived from victims of BEC and other similar schemes, including those identified below. After receiving and depositing these fraud proceeds, the Defendant caused approximately $535,000 of the proceeds to be withdrawn as cash; to be transferred in the form of cashier's checks, electronic transfers, and digital payments to bank accounts controlled by the Defendant and by others; and to be spent on a variety of items, among other transactions.

*Victim-1*

43. Victim-1 was an automotive company in Texas.

44. In or around April 2019, unknown individuals executed a BEC scheme that fraudulently diverted approximately $268,868 from Victim-1, which funds were deposited into BB&T 4659 on or about April 15, 2019.

45. On or about April 15, 2019, the Defendant caused approximately $100,000 of the proceeds fraudulently diverted from Victim-1 to be transferred from BB&T 4659 into BB&T 4667.

46. On or about April 15, 2019, the Defendant caused approximately $45,000 of the proceeds fraudulently diverted from Victim-1 to be withdrawn from BB&T 4659 in cash.

*Victim-2*

47. Victim-2 was an individual from Florida.

48. In or around April 2019, unknown individuals executed a BEC scheme that fraudulently diverted approximately $98,000 from Victim-2, which funds were deposited into ST 6541 on or about April 24, 2019.

49. On or about April 25, 2019, the Defendant caused approximately $40,000 of the proceeds fraudulently diverted from Victim-2 to be transferred from ST 6541 to ST 6558.

50. On or about April 26, 2019, the Defendant caused approximately $9,500 of the proceeds fraudulently diverted from Victim-2 to be withdrawn from ST 6541 in cash.

*Victim-3 and Victim-4*

51. Victim-3 was a business in Washington State.

52. Victim-4 was an investment manager in New York.

53. In or around April 2019, unknown individuals executed a BEC scheme that fraudulently diverted approximately $45,235 from Victim-3, which caused all these funds to be deposited into ST 6541 on or about April 30, 2019.

54. In or around April or May 2019, unknown individuals executed a BEC scheme that fraudulently diverted approximately $150,000 from Victim-4, which caused all these funds to be deposited into ST 6541 on or about May 2, 2019.

55. On or about May 3, 2019, the Defendant caused approximately $50,000 of the proceeds fraudulently diverted from Victim-3 and Victim-4 to be transferred from ST 6541 to ST 6558.

56. On or about the dates set forth below, in the Northern District of Georgia, and elsewhere, the Defendant, CHISOM OKONKWO a/k/a K.A. a/k/a M.B.

a/k/a PATRICIA YOUNG a/k/a DESIREY AGUILAR a/k/a STACY JACK a/k/a LISA LARKIN a/k/a JANICE PECK, aided and abetted by others known and unknown to the Grand Jury, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct the financial transaction, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| Count | Approximate Date | Transaction Type | Account | Recipient | Approximate Amount |
|---|---|---|---|---|---|
| 5 | April 15, 2019 | Transfer | BB&T 4659 | BB&T 4667 | $100,000 |
| 6 | April 15, 2019 | Withdrawal | BB&T 4659 | Cash | $45,000 |
| 7 | April 25, 2019 | Transfer | ST 6541 | ST 6558 | $40,000 |
| 8 | April 26, 2019 | Withdrawal | ST 6541 | Cash | $9,500 |
| 9 | May 3, 2019 | Transfer | ST 6541 | ST 6558 | $50,000 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

## COUNT TEN
### (Money Laundering — Transactional)
### (18 U.S.C. §§ 1957 and 2)

57. The Grand Jury hereby realleges and incorporates by reference the factual allegations contained in paragraphs 1 through 13 and paragraphs 17 through 24 of this Indictment, as if fully set forth herein.

58. On or about May 3, 2019, using proceeds diverted from Victim-3 and Victim-4 as a result of the BEC schemes described above, the Defendant purchased, and caused to be purchased, a cashier's check in the amount of approximately $41,986 from ST 6541, which was made payable to Automobile Lender-1, and which the Defendant used to pay off the loan for the Mercedes that the Defendant obtained using K.A.'s personally identifiable information.

59. On or about the date listed below, in the Northern District of Georgia, and elsewhere, the Defendant, CHISOM OKONKWO a/k/a K.A. a/k/a M.B. a/k/a PATRICIA YOUNG a/k/a DESIREY AGUILAR a/k/a STACY JACK a/k/a LISA LARKIN a/k/a JANICE PECK, aided and abetted by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transaction involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343:

| Count | Approximate Date | Transaction Type | Account | Recipient | Approximate Amount |
|---|---|---|---|---|---|
| 10 | May 3, 2019 | Purchase of Cashier's Check | ST 6541 | Automobile Lender-1 | $41,986 |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

## COUNT ELEVEN
### (Wire Fraud)
### (18 U.S.C. §§ 1343 and 2)

60. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraph 1, paragraphs 4 through 6, and paragraphs 9 and 14 of this Indictment, as if fully set forth herein.

61. From on or about June 29, 2020, and continuing through on or about July 20, 2020, in the Northern District of Georgia, and elsewhere, the Defendant, CHISOM OKONKWO a/k/a K.A. a/k/a M.B. a/k/a PATRICIA YOUNG a/k/a DESIREY AGUILAR a/k/a STACY JACK a/k/a LISA LARKIN a/k/a JANICE PECK, knowingly devised and intended to devise the scheme and artifice to defraud described below, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, and with intent to defraud, did, for the purpose of executing and attempting to execute the scheme and artifice, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, the online submission of an Economic Injury Disaster Loan application to the United States

Small Business Administration transmitted on or about June 29, 2020, in violation of Title 18, United States Code, Section 1343.

## Manner and Means

### Small Business Administration

62. The United States Small Business Administration ("SBA"), headquartered in Washington, D.C, was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

63. As part of this effort, the SBA facilitated loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

### The Economic Injury Disaster Loan Program

64. The Economic Injury Disaster Loan ("EIDL") Program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

65. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses applying for an EIDL. The advances did not have to be repaid.

66. To obtain an EIDL and advance, a qualifying business was required to submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period extended from January 1, 2019 to January 31, 2020. Applicants certified that all the information in the application was true and correct to the best of their knowledge.

67. EIDL applications were submitted directly to the SBA and processed by the agency with support from a government contractor, Rapid Finance. The amount of the loan was determined, in part, based on the information provided by the applicant about employment, revenue, and cost of goods, as described above.

68. Any funds issued under an EIDL or advance were issued directly by the SBA. EIDL funds could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

### Scheme and Artifice to Defraud

69. As part of the scheme and artifice to defraud, on or about June 29, 2020, the Defendant submitted, and caused to be submitted, an EIDL application to the SBA on behalf of Larkin Interior Innovation LLC, a business purportedly owned by Larkin ("the Larkin Application").

70. When the Defendant electronically submitted the Larkin Application to the SBA, it was transmitted via interstate wire from the Northern District of Georgia to Iowa.

71. The Larkin Application listed RB 7474 as the business's bank account.

72. Defendant made false and fraudulent representations in the Larkin Application, including falsely stating that the business had five employees, had $150,000 in gross revenues for the twelve-month period prior to January 31, 2020, and incurred $120,000 in costs of goods sold for the same twelve-month period.

73. Defendant requested a $10,000 EIDL advance in the Larkin Application based on the false and fraudulent representations described above.

74. Defendant falsely and fraudulently certified that all information contained in the Larkin Application was true and correct.

75. On or about July 20, 2020, based on the Defendant's submission of the false and fraudulent Larkin Application, the Defendant obtained $10,000 of EIDL proceeds, knowing that she was not entitled to them.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### FORFEITURE PROVISION

76. Upon conviction for one or more of the offenses set forth in Counts One, Two, and Eleven of this Indictment, the Defendant, CHISOM OKONKWO a/k/a K.A. a/k/a M.B. a/k/a PATRICIA YOUNG a/k/a DESIREY AGUILAR a/k/a STACY JACK a/k/a LISA LARKIN a/k/a JANICE PECK, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any

property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

77. Upon conviction for one or more of the offenses set forth in Counts Five through Ten of this Indictment, the Defendant, CHISOM OKONKWO a/k/a K.A. a/k/a M.B. a/k/a PATRICIA YOUNG a/k/a DESIREY AGUILAR a/k/a STACY JACK a/k/a LISA LARKIN a/k/a JANICE PECK, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

78. The property to be forfeited includes, but is not limited to, the following:

    a. Personal Money Judgment: A sum of money in United States Currency, representing the amount of property involved in the offenses alleged in the Indictment.

79. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)

and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property described above.

A *True* BILL

*[signature]*
FOREPERSON

RYAN K. BUCHANAN
  *United States Attorney*

*Kelly K. Connors*
KELLY K. CONNORS
  *Assistant United States Attorney*
Georgia Bar No. 504787
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

GLENN S. LEON
  *Chief*
  *Criminal Division, Fraud Section*
  *U.S. Department of Justice*

*Gary A. Winters*
GARY A. WINTERS
  *Trial Attorney*
  *Criminal Division, Fraud Section*
District of Columbia Bar No. 439376
1400 New York Avenue, NW
Washington, DC 20005
202-598-2382; Fax: 202-514-3708

*Christopher A. Wenger*
CHRISTOPHER A. WENGER
 *Trial Attorney*
 *Criminal Division, Fraud Section*
District of Columbia Bar No. 991048
1400 New York Avenue, NW
Washington, DC 20005
202-445-9670; Fax: 202-514-3708